IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHAUNCEY DEMETRIUS BENNETT,    *
  #259742             Plaintiff,
        v.    *   CIVIL ACTION NO. JKB-15-3748

WARDEN KATHLEEN GREEN    *
CAPTAIN DOUGLAS MATTHEWS
SECRETARY STEPHEN T. MOYER    *
         Defendants.

**************************************************************************

CHAUNCEY DEMETRIUS BENNETT,    *
  #259742             Plaintiff,
        v.    *   CIVIL ACTION NO. JKB-15-3757

WARDEN RICHARD GRAHAM, JR.    *
COMMISSIONER WAYNE WEBB
GOVERNOR LARRY HOGAN    *
         Defendants.
                                      *****

MEMORANDUM

On December 7, 2015, Chauncey Bennett, an inmate housed at the Eastern Correctional Institution ("ECI"), filed the above-captioned 42 U.S.C. § 1983 civil rights actions. In *Bennett v. Green, et al.*, Civil Action No. JKB-15-3748 (D. Md.), he seemingly complains that he bought new gray tee shirts from a private mail order company, which were confiscated and sent home without cause, and he was forced to buy white tee shirts to "justify the confiscation." He claims that he should be allowed to retain the gray tee shirts under the "allowable [property] matrix." Bennett seeks $80,000.00 in damages and the miscellaneous costs of the tee shirts.  ECF 1.  In his second complaint, *Bennett v. Graham, et al.*, Civil Action No. JKB-15-3757 (D. Md.), Bennett complains

that his boom box and fan were taken from him and he was forced to send them home.  He seeks $400,000.00 in damages and the replacement of his boom box and fan.  Bennett's accompanying motions for leave to proceed in forma pauperis shall be granted pursuant to 28 U.S.C. § 1915.  The cases shall be consolidated for all purposes.

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.' " *Id.* at 31 (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> (B) the action or appeal-
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted;  ....

Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.  Sections 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Federal Rule of Civil Procedure 12(b)(6).  *See McLean v. United States,* 566 F.3d

391, 396 (4th Cir. 2009); *Hill v. Lappin,* 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915A and 1915(e)(2)(B)(ii)).

Under procedure in this judicial district, a careful review has been made of the consolidated self-represented complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and § 1915A. The court shall dismiss Bennett's complaint for failure to state a claim.

To the extent that Bennett is claiming that his personal property (tee shirts, boom box, and fan) were improperly taken and sent out of the institution, no constitutional claim has been stated. Sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor,* 451 U.S. 527, 542–44 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1] *See Juncker v. Tinney,* 549 F. Supp. 574, 579 (D. Md. 1982).[2] The Supreme Court extended its *Parratt* holding to intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Therefore, assuming Bennett's personal property was taken and shipped out of the prison as he alleges, such a claim does not rise to a constitutional violation.

Because Bennett's prisoner civil rights case fails to state a claim, his case shall be dismissed

---

[1] Bennett may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker'*s reliance on *Parratt* in dismissing the plaintiff's due process claim.

pursuant to 28 U.S.C. § 1915(e). He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[3] This consolidated case constitutes the first § 1915(e) strike to be assessed against Bennett. A separate order follows.

Date:  December 11, 2015                                   _____/s/_____
                                                                                 James K. Bredar
                                                                                 United States District Judge

---

[3]   28 U.S.C. § 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, in the absence of extraordinary circumstances.